FILED
2019 APR -9 AM 9: 11
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RICHARD BELLIVEAU,
Plaintiff,

-vs-

BARCO, INC., and BARCO, N.V.,
Defendants.

CAUSE NO.:
AU-17-CA-00379-SS

# ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Barco, Inc. and Barco, N.V. (collectively, Barco)'s Motion to Strike Privileged Information [#230], Plaintiff Richard Belliveau's Redacted Response [#235] in opposition, Belliveau's Motion to File Unredacted Response Under Seal [#235], Barco's Response [#236] in opposition to the Motion to File Under Seal, and, finally, Barco's Reply [#240] in support of its Motion to Strike. Having reviewed the documents, the governing law, and the file as a whole, the Court now issues the following opinion and orders.

## Background

### I. Introduction

Richard Belliveau, an inventor, cofounded a company, High End Systems (High End), that specializes in complex lighting and projection systems. Order of January 18, 2019 [#197] at 1–4. During his time at High End, Belliveau granted High End an exclusive license to use his IP. *Id.* In exchange for this license, High End agreed to pay royalties to Belliveau and to use commercially reasonable efforts to commercialize his IP. *Id.*

In 2007, Barco bought High End. *Id.* Ten years later, in 2017, Barco began to explore a possible sale of High End to a third-party. *Id.* As the sales process progressed, Belliveau learned

that the third-party purchaser did not intend to allow Belliveau to stay on as CTO, and rather than stay on as a consultant, Belliveau resigned. *Id.* Shortly after Belliveau resigned but before the sale was consummated, High End granted Barco a sublicense to use Belliveau's IP. *Id.*

In this lawsuit, Belliveau alleges Barco used its control over High End to extract a sublicense to Belliveau's IP for a price far below market value. *Id.* Following several rounds of dispositive motions, Belliveau's remaining claims allege Barco committed constructive fraud and fraud by nondisclosure when it extracted the sublicense from High End. *Id.* at 16. Belliveau also contends Barco breached various fiduciary duties in securing the sublicense. *Id.*

## II. The Present Discovery Dispute

On March 14, 2019, Barco moved to strike two sentences from a filing made by Belliveau on the ground the sentences contained privileged information. Mot. Strike [#230] at 3. Belliveau then filed a redacted response explaining why he believed the information in question was not privileged. Public Mot. Seal [#235]. When Belliveau moved to file an unredacted version of this response under seal, Barco opposed the motion on the ground the unredacted response also contained privileged information and urged to Court to rely solely on the redacted response in ruling on the motion to strike. Resp. Mot. Seal [#239] at 4–9. Both the motion to strike and the motion to file under seal are now ripe for review.

**Analysis**

Barco moves to strike two sentences from one of Belliveau's filings on the ground the sentences contain privileged information. Mot. Strike [#230] at 3. Barco argues the Court already ruled this information is privileged in the course of ruling on Belliveau's previous motions to compel the production of communications between himself and Barco's in-house counsel. *See* Mot. Strike [#230] at 4–6, 7. In turn, Belliveau argues the two disputed sentences were derived

2

solely from Belliveau's summary judgment declaration, which is not privileged. Resp. Mot. Strike [#235] at 5.

The Court denies Barco's motion to strike because there is no indication that Belliveau's pleading borrowed from or relied upon Barco's privileged communications. To the contrary, the disputed sentences appear to have been derived entirely from Belliveau's declaration. The declaration states:

> "[Barco's lawyer] made representations to me in these communications regarding (a) the extent to which I would be kept apprised of the times of any sale . . . and (b) my role in the approval of any such terms of sale. . . . I trusted and relied on [these] representations; [Barco's attorneys] had been representing my interests in licensing the Belliveau IP for years. I fully engaged in the [sale] process . . . with the understanding that I would be included in the decision-making on any transaction that would impact [my] IP.

Resp. Mot. Summ. J. [#148-2] Belliveau Decl. at 3. The disputed sentences at issue here convey the same information:

> "[Barco's lawyer] assured Belliveau that he would be kept apprised of the deal terms and would have a role in approving those terms. . . . [He also] assured Belliveau visibility into, and a role in, the deal—which affected his IP."

Resp. Mot. Reconsideration [#228] at 6, 13.

Barco protests the disputed sentences in Belliveau's filing "go beyond" the language in the declaration. Mot. Strike [#230] at 8. In the Court's opinion, however, there is no material difference between the two passages excerpted above—the former states Belliveau received "representations" that led him to believe he would be kept in the loop during the sales process, while the latter states that Belliveau was "assured" that he would be kept in the loop during the sales process. Since the Court reads both passages as saying the same thing, striking the complained-of sentences would be pointless—even if the sentences were struck and the Court

3

was prevented from considering them, the Court could nevertheless consider Belliveau's declaration, which sets forth the exact same contentions but with different words. What's more, even if the disputed sentences *did* convey some information not contained within Belliveau's declaration, the Court's decision on the underlying filings would be unaffected, for the complained-of sentences are just argument and carry only as much weight as the factual or legal support on which they rely. In this instance, the only factual support relied upon is Belliveau's declaration.

**Conclusion**

The Court denies Barco's motion to strike and advises that Barco might have been better off cooperating with opposing counsel to seal the offending document rather than engaging in this sort of needlessly adversarial motions practice.

Accordingly,

IT IS ORDERED that Barco's Motion to Strike [#230] is DENIED;

IT IS FURTHER ORDERED that Belliveau's Motion to File Unredacted Response Under Seal [#236] is DISMISSED AS MOOT because the Court was able to deny Barco's Motion to Strike without reading the unredacted version of Belliveau's Response; and

IT IS FINALLY ORDERED that Belliveau's Response to Motion for Partial Reconsideration [#228] shall remain under seal.

SIGNED this the 8th day of April 2019.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE